```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ULYSEES OYOLA,                  )
                                )
          Petitioner,           )    Civil Action
                                )    No.  2012-cv-6093
     v.                         )
                                )
MR. JON FISHER,                 )
THE DISTRICT ATTORNEY OF THE    )
COUNTY OF PHILADELPHIA and      )
THE ATTORNEY GENERAL OF THE     )
STATE OF PENNSYLVANIA,          )
                                )
                                )
          Respondents           )
```

O R D E R

NOW, this 15th day of March, 2016, upon consideration of the following documents:

    (1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by petitioner Ulysees Oyola pro se on October 25, 2012;[1]

    (2) Response to Petition for Writ of Habeas Corpus, which response was filed on behalf of respondents on March 15, 2013;

    (3) (Memorandum) in Support of Petition for Relief From Conviction or Sentence by Person in State Custody (under 28 U.S.C. § 2254 for a Writ of Habeas Courpus [sic], which memorandum was filed by petitioner pro se on March 28, 2013;

---

[1] Mr. Oyola's original petition for writ of habeas corpus was filed in this court on October 25, 2012. However, the petition itself indicates that it was signed by petitioner on October 6, 2012 and placed in the prison mailing system on October 9, 2012. Thus, giving petitioner the benefit of the prison mailbox rule, (See Burns v. Morton, 134 F.3d 109 (3d Cir. 1998) and Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts), I consider October 9, 2012 the filing date of Mr. Oyola's original petition.

>   (4)   Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey dated and filed July 24, 2013;
>
>   (5)   Objections to Report and Recommendation filed by petitioner pro se on September 19, 2013;

it appearing that petitioner's objections to Magistrate Judge Hey's Report and Recommendation are a restatement of the issues raised in his underlying petition for habeas corpus relief and are without merit; it further appearing after de novo review of this matter that Magistrate Judge Hey's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

>   IT IS ORDERED that Magistrate Judge Hey's Report and Recommendation is approved and adopted.
>
>   IT IS FURTHER ORDERED that petitioner's objections to Magistrate Judge Hey's Report and Recommendation are overruled.[2]

---

[2] When objections are filed to a magistrate judge's report and recommendation, we are required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge.  See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge.  Raddatz, supra.

As noted above, I conclude that petitioner's objections to Magistrate Judge Hey's Report and Recommendation are nothing more than a restatement of the underlying claims contained in his petition for habeas

(Footnote 2 continued):

IT IS FURTHER ORDERED that the pro se petition for habeas corpus relief is denied without a hearing.

IT IS FURTHER ORDERED that because petitioner fails to demonstrate denial of a constitutional right, and no reasonable jurist could find this ruling debatable, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall close this matter for statistical purposes.

BY THE COURT:


/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 2);

corpus.  Moreover, upon review of the Report and Recommendation, together with de novo review of this matter, I conclude that the Report and Recommendation correctly determines the legal issues raised by petitioner.

　　　Accordingly, I approve and adopt Magistrate Judge Hey's Report and Recommendation and overrule petitioner's objections to the Report and Recommendation.